IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS

_____

Paul Eric Sanchez

        Plaintiff,

v.

United States Department of Justice

ATF Internal Affairs Robert F. Bryson

ATF Internal Affairs Agent Graden

ATF Jennifer McCartney

ATF SAC Jeffrey C. Boshek II

FBI Director Christopher Wray

FBI SAC Matthew DeSarno,

FBI Agent Ashley Rosenberger,

FBI Agent Peter

Inspector General Michael Horowitz

Assistant Attorney General Kristen M. Clarke

Victims' Rights Ombuds Ellen M. FitzGerald

        Defendants,

_____

**FILED**

SEP **0 1** 2021

Clerk, U.S. District Court
Eastern District of Texas

_____

4:21 cv 687
MAZZANT / JOHNSON

Paul Eric Sanchez

Pro Se Plaintiff

10500 Napa Valley Dr.

Frisco, Texas 75035

Phone: 469 237 0862

Email: psanchez3000@yahoo.com

PLAINTIFF'S CIVIL RIGHTS AND BIVENS ACTION COMPLAINT FOR SUMMARY JUDGMENT, MOTION TO COMPEL DISCOVERY, PETITION FOR EMERGENCY MANDAMUS, PRELIMINARY AND PERMANENT INJUNCTION, AND SANCTIONS.

Constitutional Authorities:

The Supremacy Clause of the Constitution of the United States (Article VI, Clause 2), establishes that the Constitution, federal laws made pursuant to it, and treaties made under its authority, constitute the "supreme Law of the Land", and thus take priority over any conflicting state laws. It provides that state courts are bound by, and state constitutions subordinate to, the supreme law. However, federal statutes and treaties are supreme only if they do not contravene the Constitution.

1st Amendment of United States Constitution

2nd Amendment of United States Constitution

4th Amendment of United States Constitution

5th Amendment of United States Constitution

6th Amendment of United States Constitution

8th Amendment of United States Constitution

9th Amendment of United States Constitution

10th Amendment of United States Constitution

11th Amendment of United States Constitution

13th Amendment of United States Constitution

14th Amendment of United States Constitution


Civil Rights Authorities:

Civil Rights Act of 1866

Civil Rights Act of 1871

Civil Rights Act of 1875

Civil Rights Act of 1957

Civil Rights Act of 1960

Civil Rights Act of 1964

Civil Rights Act of 1968

OVERVIEW OF THIS ACTION: Department of Justice agencies including Alcohol, Tobacco, Firearms, and Explosives Internal Affairs 99 New York Avenue, NE Washington, DC 20226 specifically Agent Robert F. Bryson and Agent Graden; ATF Dallas Field Division 2501 S State Hwy 121 Business, Suite 300A Lewisville, Texas 75067 specifically Special Agent Jennifer McCartney, SAC Jeffrey C. Boshek II; ATF's Victim/Witness Assistance Program; Office of Inspector General Michael Horowitz 950 Pennsylvania Avenue NW Washington, D.C. 20530-0001; Federal Bureau of Investigation Director Christopher Wray ; FBI Dallas Field Office One, Justice Way, Dallas, TX 75220 SAC Matthew DeSarno, former ASAC Dan Odom, Agent Ashley Rosenberger, Agent Peter; The U.S. Attorney's Office, Executive Office for United States Attorneys, The United States Marshals Service, Office of The Attorney General, DOJ Civil Rights Division Assistant Attorney General Kristen M. Clarke, Drug Enforcement Agency, all need to swiftly correct errors of impunity through fair and equal due process and use previously obtained sufficient direct probative inculpatory evidence, confessions, and probable cause to provide restitution, compensation, and crime victim's services to victim and to immediately arrest, press charges and complete prosecution of a far-right extremist crime syndicate sleeper cell cult that has committed a pattern of ongoing organized crimes pursuant to Civil Rights Acts and Racketeer Influenced and Corrupt Organizations (RICO) Act §§ 1961– 1968: 18 U.S. Code Chapter 96 involving homicidal human/labor/sexual trafficking, cyber-stalking, and hate crimes utilizing the dark web and darknet black market and other clandestine formats of communication to conspire against the rights of victim Paul Eric Sanchez. From the viewpoint of the victim it is believed that Department of Justice agencies most specifically ATF Internal Affairs Agents Robert F. Bryson and Agent Graden and DOJ Inspector General Michael Horowitz already have obtained, confiscated, and or seized chain of custody, direct probative inculpatory real evidence, documentary evidence, demonstrative evidence, circumstantial evidence, probable cause, relevant facts, evidentiary totality of circumstances tests, proximate cause, and full names, addresses, and workplaces of criminals/tortfeasors and their aliases to corroborate plaintiff's civil and criminal claims. The aforementioned named employees have also received more recent formal complaints from victim from October 2019 throughout year 2021. Responses are unequal/untimely.

Introduction: Since well before the age of 18 during early childhood of the victim there has been a range of an ongoing pattern chain of causation pertaining to constitutional and civil rights abuse against victim ranging from discrimination based on protected classes Latino/Hispanic national origin and ethnicity, color of skin, and male gender to viewpoint discrimination to deliberate indifference to failures to intervene to obstruction of justice to collusion regarding Dallas ATF Agent Jennifer McCartney and unknown named employees of the United States Department of Justice agencies and likely other federal agencies, Texas state agencies and local police who have a legal duty to the crime victim, to enforce crime victim's rights and restitution act, to enforce civil rights acts, to protect the crime victim, and to address patterns of hate crimes against victim who is in a minority group pursuant to statutes, and U.S. Supreme Court stare decisis. *YickWo v. Hopkins*, 118 U.S. 356, 6 S. Ct. 1064, 30 L. Ed. 220 [1886] Racially discriminatory application of a racially neutral statute violates the Equal Protection Clause of the Fourteenth Amendment. *United States v. Cecil Price*, et al. 383 U.S. 787 (1966) The 14th amendment grants the United States authority to indict state actors and all private citizens who assist state actors during alleged crimes became de-facto state actors themselves and as a result, find themselves in the exact same legal jeopardy as the de jure state actors they assisted.

Statute of limitations has not expired or terminated because this is ongoing organized crime, conspiracy against rights, and deprivation of rights under color of law involving patterns of continuing course of conduct and custom and pattern and practice with intent to tamper, impersonate public servants, obstruct justice, stalk, cyber-stalk/trafficking, sexually abuse, entrap, and murder.

Motion To Compel Discovery from aforementioned Department of Justice agencies most notably ATF Internal Affairs and DOJ Inspector General to release to the court so as to review chain of custody, chain of causation, timeline pertaining to complaint, totality of circumstances, relevant facts, direct probative inculpatory real evidence, documentary evidence, demonstrative evidence, circumstantial evidence, probable cause, confessions, names, addresses, and contact information of tortfeasors and criminals who might be going by aliases, anonymity, and pseudonyms on the dark web and in real time so that civil and criminal proceedings and prosecutions can be equally, fairly, and swiftly completed in favor of the victim and his constitutional rights under the statutes and U.S. Supreme Court stare decisis. Request for

expedited ruling given the bad faith spoliation. *United States v. Nixon*, 418 U.S. 683 (1974) The Supreme Court does have the final voice in determining constitutional questions; no person, not even the president of the United States, is completely above the law.

Complaint: Victim named Paul Sanchez of ongoing chain of causation of Illegal discrimination incited by United States Department of Justice and their employees based on protected class statuses Latino/Hispanic, person of color, and male gender. Victim was deprived of rights to equal opportunity to press charges against criminals and was maliciously deprived of victim's protection services, safety, and compensation while interference with federally protected activities like public school, college education, and employment continued to escalate ongoing rampantly for years. Pursuant to 42 U.S. Code § 1981 Equal rights under the law discrimination damages $20 million and 18 U.S. Code § 1964 - Civil remedies treble damages sought for Pain and suffering $10 million, intentional infliction of emotional distress $10 million, mental anguish $10 million, defamation/loss of reputation/lost wages $10 million, invasion of privacy/intrusion $10 million, false light $10 million, assault $10 million, breach of duty/negligence $10 million, abuse of process $10 million, malicious prosecution $10 million, presumed damages $20 million, and punitive damages $20 million. Applicable to Bivens action on violations of the 4th amendment, 8th amendment, 13th amendment, 14th amendment due process rights, 1st amendment retaliation claim/viewpoint discrimination. Custom pattern and practice chain of causation proximate cause of deliberate indifference, failures to intervene, defiance toward attorney general guidelines on crime investigations, and ongoing carte blanche preferential treatment, protection, and comfort granted toward violent dangerous racist extremist criminals who knowingly harmed victim and knowingly fomented errors of impunity at the expense of victim's life, and his crime victim's rights, civil rights, and constitutional rights. Tone of organized crimes involved far-right extremist belief systems intolerant towards any other beliefs, and heinous, atrocious or cruel, manifesting exceptional depravity the defendants exhibited utter disregard for human life. From the viewpoint of the victim Dallas ATF Field Division and Dallas FBI Office incited malicious parallel construction investigation and entrapment operations involving ongoing racial and sexual profiling against victim by using dark web as a fraudulent investigation tool and using known psychopaths to collect data on victim under false pretense investigations and customize future assaults, stalking, and organized crime to make torture and mental anguish more painful yet deprived victim of rights to safety, to press charges, obtain victim's protection services, and compensation; defendants colluded with dark web/dark net market based far-right extremist sleeper cell cult crime syndicate at the expense of victim's life, since before the age of 18 as the victim of ongoing hate crime based cyber-stalking, stalking, labor and sexual abuse human trafficking, murder conspiracy, impersonation of public servants, obstruction of justice, conspiracy against rights, deprivation of rights under color of law, false imprisonment, hate crime interference with federally protected activities, false imprisonment, kidnapping, and arson involving gasoline bathes premeditated against victim. A dark web darknet black market link on or around the nature of getthechango.onion by use of tor browser contains a real-time sign on cyber-stalking dossier database and forum with a fraudulent collection and use of victim's personal identifying and private information dating back since early childhood containing mandates, premeditations, and malice aforethought for crime syndicate to circulate the dossier, sign on, recruit criminals, impersonate public servants, investigate victim for his entire life, racially and sexually profile, document everything on the dark web, stalk, play Russian roulette, lynch mob, kidnap, sexually abuse, incite labor trafficking, entrap for false imprisonments/official oppression, and murder the victim which continues to circulate in Texas cities/communities, unknown named clandestine communities, and had circulated by incorrigible criminals throughout Frisco Independent School District 5515 Ohio Dr Frisco, Texas 75035 (which functioned as a discriminatory school to prison pipeline against the victim), City of Frisco Departments, Frisco Police Department, Collin County District Attorney's Office, Collin County Courthouse Law 1 2100 Bloomdale Rd, McKinney, TX 75071, Collin College, The University of North Texas Denton 1155 Union Cir, Denton, TX 76203, The University of Texas at Austin, The University of Texas at Dallas, and former front group workplaces Rescare Denton 3600 E McKinney St Suite 100 Denton, TX 76207, Innovation Builders Plano, Aprima RCM Richardson/Austin Texas, and Plano Community Homes (Pioneer Place 1928 K Ave, Plano, TX 75074, East 1608 L Ave, Plano, TX 75074, and West Campuses 3905 American Dr OFFICE, Plano, TX 75075). Victim has the right to Claim for Deprivation of Liberty Without Due Process of Law, Deprivation of Right to Fair Trial, Deprivation of Right to be Free From Reckless, malicious, and homicidal Investigation, Deprivation of Right to be Free

From Use of Fabricated Evidence and Deprivation of Right to be Free From Law Enforcement Conduct Constituting Deliberate Indifference or Reckless Disregard for the Truth Under the Fourteenth Amendment. Authorities kept relying upon fabricated evidence by known psychopaths to implicate the victim and used known psychopaths to incite coercive and misleading interrogations, investigations, and entrapments against the victim, while ignoring evidence that would have led to the real criminals prosecutions fomenting errors of impunity and exigent circumstances. The plaintiff also alleges that the defendants had deliberately concealed evidence inciting obstruction of justice and errors of impunity. Rescue doctrine and duty of care doctrine have repeatedly been violated at the expense of the victim's life. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) stare decisis prohibiting federal agents from violating the 4th amendment allowing cause of action. *United States v. U.S. District Court*, 407 U.S. 297 (1972) Government officials are obligated to obtain a warrant before beginning electronic surveillance even when domestic security issues are involved. The "inherent vagueness of the domestic security concept" and the potential for abusing it to quell political dissent make the Fourth Amendment protections especially important when the government engaged in spying on its own citizens. *Morton Halperin, et al. v. Henry Kissinger,Richard M. Nixon, John N. Mitchell, and H. R. Haldeman*. Summary judgment granted, 424 F. Supp. 838 (D.D.C.1976); nominal damages awarded, 434 F. Supp. 1193 (D.D.C. 1977). *Katz v. United States*, 389 U.S. 347 (1967).  *Silverman v. United States*, 365 U.S. 505 (1961). *Carlson v. Green*, 446 U.S. 14 (1980) stare decisis cause of action for violation of 8th amendment cruel and unusual punishment. *Millbrook v. United States*, 569 U.S. 50 (2013) the Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States for certain intentional torts committed by law enforcement officers. The unanimous opinion, delivered by Justice Clarence Thomas, holds that law enforcement "employment" duties are not limited to searches, seizures of evidence, or arrests, and, as such, the petitioner can sue. Held that people can sue the federal government under the FTCA for "acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest." *YickWo v. Hopkins*, 118 U.S. 356, 6 S. Ct. 1064, 30 L. Ed. 220 [1886]. *Pete Hernandez v. State of Texas*, 347 U.S. 475 (1954) Mexican Americans and all other nationality groups in the United States have equal protection under the 14th Amendment of the U.S. Constitution. Supp: *Jose* Cisneros*, et al v. Corpus Christi Independent School District* (1970). *U.S. v Weaver and Harris* Idaho Fed. District Ct Ruby Ridge 1995 (wrongdoing by ATF and federal law enforcement led to $3.1 million settlement), *Mayfield v. United States*, 504 F. Supp. 2d 1023 (D. Or. 2006) (Federal government owed compensatory damages of $2 million for using wrong fingerprints evidence to falsely imprison Mayfield). COINTELPRO victims Geronimo Pratt civil rights settlement case granting $4.5 million in 2000; Fred Hampton murder leading to $1.85 million civil lawsuit settlement. The Frank Church Senate Committee Report and The Pike Report exposed federal government's illegal and racist COINTELPRO program.

Federal Rule of Civil Procedure 37 gives federal courts power to sanction a party that violates a discovery order. Furthermore, it is well accepted that the federal courts have authority to protect the integrity of their proceedings by sanctioning parties who spoliate evidence after an action has commenced.

Chain of Causation Background: In early childhood starting in early 1990s and beyond the year 2001 in Frisco, Texas Branden Oliver Twist DOB: 8/14/1983 conspired against the rights of the victim with oppressive premeditated far-right extremist cult activity/organized crime, recruitment of psychotic criminals of all ages, and on the dark web dark net black market on or around the nature of getthechango.onion with his older brothers Shad Twist and Aaron Twist, father Herb Twist, convicted killers Bobby Gonzales and Krissi Lynn Caldwell ; the victim's prior Frisco Independent School District/Frisco High School teachers Jim Wirwahn (469) 633-5500, Karen LeCocq lecoqk@friscoisd.org, 469.633.6027, Jerry Littlejohn Assistant Athletic Director email: littlejj@friscoisd.org; Charlene Willingham, Debra Purefoy and Frisco City Manager George Purefoy (Address: George A. Purefoy Municipal Center 6101 Frisco Square Boulevard Frisco, Texas 75034 Phone: 972-292-5000. https://www.friscotexas.gov/. phone: 972-292-5105, email: gpurefoy@friscotexas.gov), and former Administrator Rick Burnett. The conspiracy against rights continued to escalate with others associated with Frisco Independent School District notably the following: Caitlin Fieszel (tragically who is now a special needs teacher in north Texas at Carrollton-Farmers Branch ISD 972-968-6100); the Meth user/former Frisco ISD student Susan Danielle Rich (DOB: 9/15/82) sdaniellerich15@gmail.com, phone: 940 208 1933 or 940 218 7589 Address: 300 W Oak ST APT 100

Denton, TX 76201; including her former husband Michael Haney and step-son Alex Haney; Jeffrey M. Horton Age 64 and Alissa A. Horton from Address: 11270 Pagewynne Dr, Frisco, TX 75035. Alissa Horton works as Senior Provider Data Specialist at UnitedHealth Group Frisco. Former Frisco ISD classmate Katie Roever and her mother Trudy Roever. Miguel Bautista current manager of AllStar Power Wash, LLC (469) 576-0399, Titus Toon (current Tax Managing Director at KPMG Houston). Former U.S. Marine Jack Moore (continued pattern of stalking at Plantation Resort, Frisco ISD, and then at Dallas Public Library 6400 Renner Frankford Branch). Linda Warzusen and her son Sean Warzusen; Eric Kildebeck, PhD, MD, current Research Professor University of Texas at Dallas, Liz Trosper current instructor at UT Dallas, Stephen Harper who is now a UNT Denton Police Officer, Amanda Welborn (formerly Amanda Roof) current Princeton ISD teacher, 469-952-5411 awelborn@princetonisd.net, Jake Leeper current Frisco, Texas Battalion Chief 972-292-6345 or 972 292 6464, email: pio@friscofire.com, Laura Kilpatrick, Amanda Williams (formerly Amanda Murphy), Jennifer Ruggles, Clint Watson, Daniel Whittle (Regional Sales Consultant at Fidelity Investments and Field Goal Net Operator at Dallas Cowboys), John Anderson, Justin Jackson, Jonathan Hill, Scott Kildebeck, Maine Brown, Adam Brown, Eleazar Guzman, Lupe Gaona, Javier Campos, Anna Nguyen, Joshua Rhodes, Sammy Vargas, and Niki Isenhart (formerly Niki Hall). Other suspects previously associated with Frisco Independent School District and from Frisco, Texas involved in this are Jacob John, Jeremy Ray, Jerry Hall, Nathan Howell and his mother Dana Howell, Chris Gonzales and his mother Yolanda Gonzales. Jake Fieszel (tragically who is now a coach at Gunter ISD. Additionally, former Frisco High School tennis coach Chris Barnhart. Frisco Public Library 6101 Frisco Square Blvd, Frisco, TX 75034 circulation desk workers Joseph Gomez, Email: jgomez@friscotexas.gov and Christina Ago, Email: cago@friscotexas.gov. Phone: (972) 292-5669. Ongoing for years the link to the dark web cyber-stalking dossier has continued to circulate permanently in Frisco, Texas, Plano, Texas, Denton, Texas, Richardson, Texas, Dallas, Texas, Austin, Texas, San Antonio, Texas and other Texas cities and communities due to malicious inaction or collusion from authorities inciting irreparable harm to victim by Melanie Dodson Yates, Dr. Rosanne Ciccia, Amy Lenhart LPC of Collin College Preston Ridge Campus 9700 Wade Blvd, Frisco, TX 75035/Collin College Spring Creek Campus 2800 E Spring Creek Pkwy, Plano, TX 75074; attorney Sharon Curtis (Law Office of Sharon Curtis, LLC 610 Hide A Way Lane East Hideaway, Texas 75771. Cell 214-707-5296, scurtis@sharoncurtislaw.com ) Attorney Henry C. Paine, Texas Bar Card Number: 15412600, Address:  1317 E McKinney St Suite # 108, Denton, TX 76209, Phone: (940) 382-4200. Charles Coby Waddill (State Bar Card Number: 24005042). Judge Corinne A. Mason of Collin County Court at Law 1, former D.A. John Roach Sr, prosecutor Lisa Milasky incited abuse of office/abuse of process in the form of false arrests and wrongful deferred adjudication community service conviction based off these fruits of the poisonous tree; The University of North Texas Denton Behavior Analysis Department involving victim's professors: Dr. Shahla Rosales (Phone: 940-369-7475) Email: Shahla.Ala'i-Rosales@unt.edu. Chilton 361D; Dr. Richard Smith email: Rick.Smith@unt.edu, 940-565-4970 and Assistant Dean Richard Mabry 940-565-4115 (Main). Rmabry@unt.edu. Jesús Rosales-Ruiz, Ph.D. 940-565-2559. Jesus.Rosales-Ruiz@unt.edu. Chilton 360J; Sandy Magee, M.S., BCBA. Adjunct Faculty. 940-565-2274 Sandy.Magee@unt.edu. Former Behavior Analysis professors Dr. Janet Ellis and Dr. Cloyd Hyten. Professor Garry L. Landreth, Ed. D., LPC, RPT-S;  UNT alumni Bradley Mikeska, Michael Stiles, Brent Arnold, and Juan Galvan. Oaks of Denton Apartments 425 Bernard St, Denton, TX 76201.  Rescare Denton/Cherrywood Branch Plano involving Leticia Hernandez, Danielle Rich, and Ashley Bradford and psychiatric patients used human feces to terrorize victim; Innovation Builders Plano at 5304 W Plano Pkwy, Plano, TX 75093 involving Ange Asplin (214) 396-3182, Holly Williams 512 517 5378, and Adrienne Cocita 214 693 5775; Lynne Gattis-Cunningham formerly workplace Aprima RCM HR Director, current City of Frisco HR Generalist - Phone: 972-292-5209 lgattis-cunningham@friscotexas.gov, and Plano Community Homes (972) 424-9800 (Pioneer Place, East, and West Roque Christensen LCSW (972) 423-6058, Lee Ann Hubanks, Michele Savoie- Shevlin, and Rhoda Byers and Barbara Ward who works at West Campus (214) 415 1292, (972) 867-1905 and employee Nabil Mzee (972) 423 6058, (469) 279 2486; Kem Isbell (972) 424 9800 and Donobbra McGee (469) 644 4511 and Chris Chambers, Curtis Chambers, and his wife. Pastor Gavin Papit. Frisco ISD employee named Shanel Tarrant Simone (Cell: 214 789 1288). Carl Young MD, 6750 Hillcrest Plaza Dr # 309, Dallas, TX 75230 (972) 233-2000. Former Lizard Lounge/The Church/It'll Do Deep Ellum Dallas Nightclub customer Steven Simons (214 607 2737 cell phone) address is: 12480 Abrams Rd. #2801 Dallas, TX 75243; and Vincent Anthony of Plano, Texas (Phone: 408 390 2590). On February 2021 formal complaints about a pattern of cult activity and organized crime submitted to Darren Stevens the Assistant Police Chief of Frisco resulted in deliberate indifference, no response, and defiant inaction. *Pinkerton v. United*

*States*, 328 U.S. 640 (1946) The Pinkerton liability rule when a defendant is joined in a conspiracy, substantive crimes committed to advance that conspiracy can be charged to all defendants as long as they are still part of the conspiracy when those crimes are committed. *Owen v. City of Independence*, 445 U.S. 622 (1980), was a case decided by the United States Supreme Court, in which the court held that a municipality has no immunity from liability under Section 1983 flowing from its constitutional violations and may not assert the good faith of its officers as a defense to such liability. *Monell v. Department of Social Services*, 436 U.S. 658 (1978) the Court held that municipal entities "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Moore et al. v. Dempsey*, 261 U.S. 86 (1923) lynch mob trials violates due process rights.

It is believed from the viewpoint of the victim that the tortfeasors and suspects in question have incorrigible mental abnormalities, narcissistic, paranoid, and psychopathic personality disorders, narcotic induced psychosis, and paraphilia and for years illegally documented in a criminally obsessive manner to the dark web real-time cyber-stalking dossier/forum on or around the nature of getthechango.onion that they were sexually aroused as they were premeditating victim's murder and continued physically assaulting, lynch mobbing, stalking, trafficking, and torturing victim at school and outside of school activities and pervasively for years onward after the 2001 graduation from Frisco High School in a rife conspiracy to obstruct victim from obtaining a livelihood with equal college education and equal employment opportunities, seeking equal justice, criticizing and protesting the corruption with freedom of speech, and from filing formal complaints to authorities and in federal court. Examples of aggravated murder attempts include victim being lured out to a small forest on Plantation Resort Neighborhood while still attending Frisco High School, gasoline was poured on victim, lighting matches or lighters on victim, followed by assaults and harassment, and then nearly burnt to death in a barrel as the forest burnt to the ground incited by Branden Oliver Twist and Kyle Mcewen. Victim was maliciously deprived of safety, protection services, equal opportunity to press charges and pursue prosecution, and obtain restitution by authorities. Victim suffered long-term from trauma induced amnesia. Further examples of murder attempts include victim suffered a traumatizing premeditated death flight on an airliner, in an attempt to forcefully disappear the victim, that violently crash landed at DFW Airport where victim was injured and mentally traumatized with amnesia, the unknown named pilot and air marshal incited it, and an unknown named lady passenger was killed. Hostile Dallas ATF Agent Jennifer McCartney conducted long-term intrusive and prejudicial investigations against victim using the dark web and cyber-stalking as a fraudulent investigative tool; obtained multiple bragging confessions from criminals and relevant probative inculpatory real evidence and probable cause for arrests and convictions including the link to the dark web dossier yet maliciously failed to prosecute any of the dangerous suspects allowing for a violent crime wave to foment and escalate against the victim for years. Caitlin Fieszel and Branden Oliver Twist and aforementioned tortfeasors maliciously committed perjury and filed fraudulent false complaints against victim regarding heinous crimes that they had incited themselves to hostile ATF Dallas Field Division agent Jennifer McCartney who also cyber-stalked victim, harassed victim by phone stating the abuse would never stop or end, colluded with crime syndicate with the cover-up and perpetuation of conspiracy, and colluded with an unknown named federal prosecutor at The United States District Court for the Eastern District of Texas (Sherman division) on or around 2001-2002 which incited abuse of office/deprivation of rights under color of law, malicious prosecution, selective prosecution, abuse of process, perjury, and fraud against victim. Further examples victim of attempted murder when victim came to work at Collin College Preston Ridge campus 9700 Wade Blvd, Frisco, TX 75035 victim was under illegal dark web surveillance and investigated by supervisors and co-workers who impersonated public servants, harassed and coerced routinely in a labor trafficking based constructive discharge, and for a shift all the laboratory gas valves were intentionally left open making the atmosphere poisonous, explosive, and deadly. When the victim lived at Century Court Apartments/College Place on Collin College Spring Creek on campus apartments, 2800 E Spring Creek Pkwy, Plano, TX 75074/5800 Jupiter Rd, Plano, TX 75074, criminals wrote death sweet death, die, and hate on victim's walls. Victim was deprived of help or protection from anyone in the community including on campus counselor Amy Lenhart LPC, on campus Plano Collin College police, and landlord. Victim encountered clandestine home invasions and food was poisoned over a period of time likely by the aforementioned suspects; victim was abruptly blacking out and experiencing extreme physical pain and inability to move

for many hours which escalated. For many months, over a year, after initial poisoning the pain and suffering escalated, the victim had trouble eating, breathing, and walking because of the egregious poisoning, inability to recover, massive weight loss due to starvation, and victim was continually deprived of rights. Ongoing chain of causation involving defamation caused constructive discharges, permanent blacklisting, unemployment, and irreparable harm to victim.

This perpetuating chain of causation of pattern discrimination, errors of impunity, corruption, and organized crime is a shock to the conscience and makes petitioner concerned for immediate relocation to safe and accommodating housing and community away from the reach of the sleeper cell cult/crime syndicate. For years this totality of circumstances chain of causation pattern of corruption has been rife due to inaction, collusion, obstruction, non-enforcement of civil rights acts, federal, and state laws, failures to intervene, deliberate indifference, rampant narcotic induced psychosis, carte blanche preferential treatment favoritism towards delusional and dangerous criminals, non-enforcement of civil commitment services (*Addington v. Texas*, 441 U.S. 418 (1979), *Kansas v. Hendricks*, 521 U.S. 346 (1997); and likely continuous rampant bribery from local and federal authorities to foment the blatant cover-up at the expense of victim's life and constitutional rights.

RELIEF SOUGHT Petitioner Paul Sanchez respectfully requests that the Court grant this original emergency petition for a writ of mandamus and direct the district court to (i) promptly direct United States Department of Justice employees to immediately enforce Crime Victim's Rights and Civil Rights Acts to preserve the life and liberty of the victim Paul Eric Sanchez and to prevent further irreparable harm in the form of criminal and civil conspiracy, trafficking, and civil rights and constitutional violations. Those crime victim's rights are the Victims of Crime Act of 1984 established the Crime Victim's Fund, a program to compensate victims of crime; Services to victims 34 U.S. Code § 20141, Crime Victims' Rights Act 18 U.S.C. § 3771 Justice for All Act of 2004, Victims' Rights and Restitution Act of 1990, 42 U.S.C. § 10607, procedures to promote compliance with crime victims' rights obligations 28 CFR § 45.10, Trafficking Victims Protection Act of 2000, 18 U.S. Code § 1964 – Civil remedies, 18 U.S.C. § 1962 pursuant to 42 U.S. Code § 1981 Equal rights under the law.  (ii) promptly direct United States Department of Justice, The U.S. Attorney's Office, The United States Marshals Service, and any and all authorities and law enforcement who have a duty of care under federal law and civil rights acts to the victim involved to correct flagrant errors of impunity by proceeding with fair and equal due process, arrests, takedowns, prosecution, punishments, asset forfeitures, and maximum sentencing of incorrigible criminals in which direct probative inculpatory real evidence, documentary evidence, demonstrative evidence, circumstantial evidence, probable cause, and confessions have been seized or obtained. Pursuant to 28 U.S. Code § 1361 gave federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Request for expedited ruling given the bad faith spoliation.

In the case that federal authorities or federal court deems state prosecutions as most appropriate for specific crimes they need to mandate continued prosecution, asset forfeitures, and maximum sentencing through state courts, district attorney's office, and local police pursuant to 14th amendment equal protection clause and due process clause, the Supremacy Clause, Article VI, section 2, State of Texas crime victim's rights, and Civil Rights Acts of 1866, 1871, 1875, 1957, 1960, 1964, 1968. *Ex parte Young*, 209 U.S. 123 (1908), is a United States Supreme Court case that allows suits in federal courts for injunctions against officials acting on behalf of states of the union to proceed despite the State's sovereign immunity, when the State acted contrary to any federal law or contrary to the constitution.

Request for preliminary and permanent injunction for employees of and any persons acting under color of law from Department of Justice and all other federal government departments and agencies to cease and desist from ongoing customs and patterns of practice involving interference with the victim's federally protected activities and civil rights, discrimination, defamation, invasion of privacy, cruel and unusual punishments, extrajudicial punishments, unlawfully withholding due process/action, parallel construction entrapment operations, and utilization of dark web and dark net black markets for racial and sexual profiling, trafficking, cyber-stalking, and murder. Request for expedited ruling given the bad faith spoliation.

Argument:

It is unequal and unfair treatment, a shock to the conscience, and cruel and unusual punishment for employees of The United States Department of Justice and employees of any other federal, state, or local agency to deprive the protected class crime victim of his rights and put him in deadly exigent circumstances with incorrigible racist extremist criminals and where the alienated disenfranchised victim has to file a lawsuit pro se to obtain equal justice creating a hostile atmosphere for ongoing retaliation in the community. The United States Department of Justice has been discriminatorily selective in their non-enforcement of the law pertaining to the victim listed in this complaint. The Department of Justice has a legal duty to work swiftly at the urgent expedited pace equal to or faster than the prosecution of the criminals in the U.S. Capitol Insurrection takedown, AlphaBay takedown, takedown of kidnapping conspiracy against the Michigan Governor Gretchen Whitmer, Operation Trojan Shield, prosecution of El Paso anti-Latino mass-shooter Patrick Crusius, Atomwaffen Division 2020 FBI takedown of Johnny Roman Garza, Cameron Brandon Shea, Kaleb Cole, and Taylor Ashley Parker-Dipeppe, and the DOJ/FBI successful prosecution of 130 Mafia in a 2011 takedown. The victim has been deprived of equal opportunity to press charges, obtain equal accommodations, restitution, treble damages compensation, protection, safety, and due process/equal justice under the crime victim's rights, civil rights acts, and federal and state laws while homicidal psychotic sadistic personality disordered criminals continue to be granted with perpetual favoritism, carte blanche preferential treatment, and a protection racket at the expense of the victim's life and rights. Petitioner directs the court to promptly end the ongoing favoritism and preferential treatment wrongfully granted towards tortfeasors and criminals. There is a duty of care doctrine and duty to rescue doctrine that is most valuable here that continues to be violated at the expense of the victim. Inaction by federal and state law enforcement repeatedly put victim's life at risk for attempted murder by gasoline dousing and arson, narcotics and other forms of poisonings, gun violence, suffocation, assault, violent sexual abuse, stalking, other killing methods, and ongoing racial and sexual profiling. The United States government and state government employees have a history of deliberate indifference or even permitting, directing, inventing, inciting violence, and or having clandestine collusion with extremist crime syndicates in the notorious cases of Salem Witch Trials 1692-1693, COINTELPRO, Waco Siege, Ruby Ridge Massacre, Cliven Bundy Standoff, Mexican American massacres: La Matanza Texas, Hora de Sangre Texas, Jesus Bazan and Antonio Longoria, Porvenir massacre, Canales investigation, and gasoline baths of Mexican-Americans at the border; Native American massacres: Sand Creek massacre, Wounded Knee, Trail of Tears; Far-Right Extremist massacres: Elaine massacre, Greenwood Tulsa race massacre, Greensboro Massacre, and Unite the Right rally in Charlottesville. Civil Rights Act of 1957 Part 2 empowered the creation of The Civil Rights Division of the Department of Justice with oversight by the Assistant Attorney General. The Civil Rights Division enforces a wide array of laws that protect the civil rights of all individuals yet has completely neglected the victim with egregious inaction causing harm to the victim who is in a protected class. If the United States Department of Justice employees had intervened and enforced the law and civil rights acts then the victim would not suffer from irreparable harm and impoverishment. Officials with the Indianapolis FBI office made false statements, failed to respond for months leading to more than 100 other gymnasts being sexually abused and exhibited extremely poor judgment in the handling of 2015 allegations against longtime USA Gymnastics team doctor Larry Nassar, according to critical exposé from the Inspector General of the U.S. Department of Justice in a July 2021 report entitled *Investigation and Review of the Federal Bureau of Investigation's Handling of Allegations of Sexual Abuse by Former USA Gymnastics Physician Lawrence Gerard Nassar*. Senior FBI officials W. Jay Abbott, then the Special Agent in Charge of the Indianapolis FBI office "failed to respond to allegations of sexual abuse of athletes by former USA Gymnastics physician Lawrence Gerard Nassar with the urgency that the allegations required," the inspectors general's office said in a statement after the report was released.

Plaintiff request the Court to enforce all orders granted under this motion by a finding of civil contempt. Impose such punitive sanctions to the maximum extent and termination of employment and due prosecutions, if any, as the Court finds appropriate.

Table of Authorities:

*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) prohibiting federal agents from violating the 4th allowing cause of action. *United States v. U.S. District Court*, 407 U.S. 297 (1972). *Katz v. United States*, 389 U.S. 347 (1967). *Silverman v. United States*, 365 U.S. 505 (1961). *Carlson v. Green*, 446 U.S. 14 (1980) cause of action for violation of 8th amendment cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25 (1993). *Wilson v. Seiter*, 501 U.S. 294 (1991). *Hudson v. McMillian*, 503 U.S. 1 (1992). *Farmer v. Brennan*, 511 U.S. 825 (1994). *United States v. Nixon*, 418 U.S. 683 (1974). *Millbrook v. United States*, 569 U.S. 50 (2013). *Davis v. Passman*, 442 U.S. 228 (1979). *United States v. Turkette* , 452 U.S. 576, 101 S. Ct. 2524 (1981) RICO encompassed both legitimate and illegitimate enterprises. RICO Pattern predicates and threat of continuing activity stare decisis: *Sedima, S.P.R.L. v. Imrex Co*., 473 U.S. 479 (1985), *Boyle v. United States*, 556 U.S. 938 2009, and *H.J. Inc. v. Northwestern Bell Tel. Co*., 492 U.S. 229 1989.  *Pete Hernandez v. State of Texas*, 347 U.S. 475 (1954) Mexican Americans and all other nationality groups in the United States have equal protection under the 14th Amendment of the U.S. Constitution. Supp: *Jose* Cisneros*, et al v. Corpus Christi Independent School District* (1970).  *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964). *Wisconsin v. Mitchell*, 508 U.S. 476 (1993). *YickWo v. Hopkins*, 118 U.S. 356, 6 S. Ct. 1064, 30 L. Ed. 220 [1886]. *United States v. Cecil Price, et al*. 383 U.S. 787 (1966). *Williams v. United States*, 341 U.S. 97 (1951). *United States v. Williams, 341 U.S. 70 (1951)*. Moore et al. v. *Dempsey*, 261 U.S. 86 (1923) lynch mob trials violate due process rights. *Morton Halperin, et al. v. Henry Kissinger,Richard M. Nixon, John N. Mitchell, and H. R. Haldeman*. Summary judgment granted, 424 F. Supp. 838 (D.D.C.1976); nominal damages awarded, 434 F. Supp. 1193 (D.D.C. 1977). *Edwards v. South Carolina*, 372 U.S. 229 (1963). *Manuel v. Joliet*, 580 U.S. (2017). *Tanzin v. Tanvir*, 592 U.S. (2020). United States v. Armstrong, 517 U.S. 456 (1996). *Sorrells v. United States*, 287 U.S. 435 (1932). *Nardone v. United States*, 308 U.S. 338, 60 S. Ct. 266, 84 L. Ed. 307 (1939). *Pinkerton v. United States*, 328 U.S. 640 1946/ Pinkerton liability rule. *United States v. Guest*, 383 U.S. 745 (1966). *Owen v. City of Independence*, 445 U.S. 622 (1980), was a case decided by the United States Supreme Court, in which the court held that a municipality has no immunity from liability under Section 1983 flowing from its constitutional violations and may not assert the good faith of its officers as a defense to such liability. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Flowers v. Mississippi*, 588 U.S. (2019). *Lozman v. City of Riviera Beach* 585 U.S. 2018. *New York Times Co. v. United States*, 403 U.S. 713 (1971).  *Bostock v. Clayton County*, Georgia, 590 U.S. (2020). *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004). *Mooney v. Holohan*, 294 U.S. 103 (1935). *Rochin v. California*, 342 U.S. 165 (1952). *Elkins v. United States*, 364 U.S. 206 (1960). *Illinois v. Gates*, 462 U.S. 213 (1983) "totality of the circumstances" test. *Ex parte Young*, 209 U.S. 123 (1908). *Tison v. Arizona*, 481 U.S. 137 (1987) The death penalty may be imposed due to the felony murder rule on a murder defendant who did not intend to cause the death, but was a major participant in the underlying felony and exhibits extreme indifference to human life. *Brady v. Maryland*, 373 U.S. 83 (1963). *Strickler v. Greene*, 527 U.S. 263 (1999). *United States v. Bagley* (U.S. 1985). *Chambers v. Florida*, 309 U.S. 227 (1940). *Addington v. Texas*, 441 U.S. 418 (1979), *Kansas v. Hendricks*, 521 U.S. 346 (1997).

Res judicata *U.S. v Weaver and Harris* Idaho Fed. District Ct Ruby Ridge 1995 (wrongdoing by ATF and federal law enforcement led to $3.1 million settlement), *Mayfield v. United States*, 504 F. Supp. 2d 1023 (D. Or. 2006) (Federal government owed compensatory damages of $2 million for using wrong fingerprints evidence to falsely imprison Mayfield), Cliven Bundy Standoff *United States v. Cliven Bundy, et al* 9th Circuit 2018 and 9th U.S. Circuit Court of Appeal in San Francisco 2020 dismissed for flagrant prosecutorial misconduct for withholding more than 3,000 pages of FBI reports and other documents and misled the court. *U.S. v. Chapman United States Court of Appeals*, Ninth Circuit F.3d 1073 (9th Cir. 2008) (prosecutorial misconduct failed to hand over hundreds of pages, including plea agreements with government witnesses.) *United States v Daniel Ellsberg and Anthony Russo* United States District Court Central District of California (1973). *Jenkins, et. al v. Ravalli County*, et. al, Case No. 19-cv-00146, U.S.D.C. (D. Mont) 2019 resulted in $6 million civil rights settlement.

*Joan Jara v. Barrientos Núñez* 2016 awarded torture victim $28 million in compensatory and punitive damages. *Arce v. García*, 434 F.3d 1254 11th Cir. 2006 torture victims were awarded $54,600,000).

*Pearson v. Dodd* ( 410 F.2d 701, supra), the Federal Court of Appeals for the District of Columbia declared (p. 704):"We approve the extension of the tort of invasion of privacy to instances of intrusion, whether by physical trespass or not, into spheres from which an ordinary man in a plaintiff's position could reasonably expect that the particular defendant should be excluded."

*Staub v. Proctor Hospital*, 562 U.S. 411 (2011);

*EEOC v. Patterson-UTI Drilling Co.*, No. 1:15-cv-00600 (D. Colo. consent decree filed Mar. 24, 2015). They settled for $12.26 million. The EEOC's lawsuit alleging discrimination, harassment and retaliation against racial minorities nationwide.

*EEOC v. Bass Pro Outdoor World LLC*, Case No. 4:11-cv-03425 (S.D. Tex. consent decree filed July 24, 2017). They paid $10.5 million to a class of African-American and Hispanic workers the EEOC alleged it discriminated against by failing to hire because of their race and/or national origin in violation of Title VII.

*EEOC v. Ricoh Americas Corporation*, Civil Action No. 1:10-cv-00743 (M.D.N.C. settled June 15, 2011). They agreed to pay $125,000 for subjecting an African employee to harassment because of his race and national origin and two Hispanic employees to harassment based on national origin.

*EEOC v. Dart Energy Corp.*, No. 13-cv-00198 (D. Wyo. consent decree filed Dec. 1, 2014). Three related well-servicing companies agreed to pay $1.2 million to settle allegations by the Equal Employment Opportunity Commission of verbal abuse of minority employees. The EEOC complaint alleged that J&R employees regularly used racial slurs to refer to Black, Hispanic and Native American employees.

*EEOC v. Scully Distribution Servs*. Inc., No. 11-cv-08090 (C.D. Cal. proposed consent decree filed Sep. 25, 2012). Two California-based trucking firms agreed to settle for $630,000 an EEOC lawsuit alleging one company violated Title VII by permitting the harassment of African American, Latino, and East Indian workers and by otherwise discriminating based on race, national origin, and religion.

*EEOC v. Albertsons LLC*, Civil Action No. 06-cv-01273, No. 08-cv-00640, and No. 08-cv-02424 (D. Colo 2009). A national grocery chain paid $8.9 million to resolve three lawsuits collectively alleging race, color, national origin and retaliation discrimination, affecting 168 former and current employees. Black and Hispanic employees also were allegedly given harder work assignments and were more frequently and severely disciplined than their Caucasian co-workers. Lastly, EEOC asserted that dozens of employees complained about the discriminatory treatment and harassment and were subsequently given the harder job assignments, were passed over for promotion and even fired as retaliation.

Ventura Corporation to Pay $354,250 to Settle EEOC Lawsuit for Sex Discrimination Against Men. After a male employee filed a charge of discrimination with the EEOC, Ventura placed him into a sales position and retaliated against him by imposing unequal discipline and depriving him of resources available to female sales representatives. Subsequently, the male employee was fired in retaliation for his complaints to management about ongoing discriminatory policies.

Statutes and Regulations:

Civil Rights Act of 1866 42 U.S. Code § 1981 Equal rights under the law there is no damages cap under Section 1981, Civil Rights Act of 1871 42 U.S. Code § 1982 - Property rights of citizens, 42 U.S. Code § 1983 - Civil action for deprivation of rights of state government employees, 42 U.S.C. 1985 - Conspiracy to interfere with civil rights, 42 U.S. Code § 1986 Action for neglect to prevent, 42 U.S. Code § 1988 - Proceedings in vindication of civil rights; Civil Rights Acts of 1875, 1957, 1960, 1964, and 1968. Trafficking Victims Protection Act of 2000; § 1593 Mandatory restitution. 18 U.S. Code § 1964 - Civil remedies (c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct

that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.; 18 U.S.C. § 1962 Prohibited activities, conducting the affairs of an enterprise through a common pattern of racketeering activity. 18 U.S. Code § 1968 - Civil investigative demand. Crime Victims' Rights the Victims of Crime Act of 1984 established the Crime Victim's Fund, a program to compensate victims of crime; Services to victims 34 U.S. Code § 20141, Crime Victims' Rights Act 18 U.S.C. § 3771 Justice for All Act of 2004, Victims' Rights and Restitution Act of 1990, 42 U.S.C. § 10607, Procedures to promote compliance with crime victims' rights obligations 28 CFR § 45.10. 18 U.S. Code § 3663 - Order of restitution. 18 U.S. Code § 3663A - Mandatory restitution to victims of certain crimes. 28 U.S. Code § 2674 - Liability of United States. The Federal Tort Claims Act (August 2, 1946, 28 U.S.C. § 1346) ("FTCA") permits private parties to sue the United States in a federal court for most torts committed by persons acting on behalf of the United States.

28 U.S. Code § 1343 - Civil rights and elective franchise

U.S. Code Notes (a)The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1)To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2)To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3)To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4)To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

The APA requires that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b), and that "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed," id. § 706(1)

Action is "unreasonably delayed" where "an agency has no concrete deadline establishing a date by which it must act, and instead is governed only by general timing provisions—such as the APA's general admonition that agencies conclude matters presented to them 'within a reasonable time[.]'" Id. (quoting 5 U.S.C. § 555(b)). Action is "unlawfully withheld" where Congress provided a specific deadline for the action. Id.

Mandamus Act, 28 U.S.C. §1361, can be used to compel administrative agencies to act. It provides in full: 1361. Action to compel an officer of the United States to perform his duty. 28 U.S. Code § 1651 – Writs.

28 U.S. Code § 1331 - Federal question
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Trafficking Victims Protection Act of 2000 gives the judge the authority to order a defendant to pay restitution to their human trafficking victims and it gives them the right to pursue civil damages against the defendant. The relevant laws that make this type of conduct a federal crime are found within 18 U.S.C. Chapter 77.

18 U.S.C. 1581 prohibits human trafficking and other crimes and describes legal punishments for anyone who is convicted of forcing another person to perform labor, sex trafficking children; and selling people. The penalties under the statute are severe, including life in a federal prison.

18 U.S.C. 1583 outlines penalties for up to 20 years in prison for a defendant who is convicted of kidnapping another person for slavery.

18 U.S.C. 1584 outlines penalties for up to 20 years in prison for a defendant who is convicted of holding someone or selling them in involuntary servitude. If serious bodily injury or death occurs, or the crime involved kidnapping or sexual abuse, the defendant could be sentenced to life in a federal prison.

22 U.S.C. 7102 prohibits sex trafficking, which is described as a commercial sex act induced by force, fraud, or coercion, or recruitment, harboring, transportation, or obtaining someone for labor or services, or coercion for the purpose of subjecting them to involuntary servitude, peonage, debt bondage, or slavery.

Deprivation of rights under color of law 18 U.S. Code § 242, conspiracy against rights 18 U.S.C. 241, Hate Crime Title I of the Civil Rights Act of 1968 Title 18, U.S.C., Section 245 - Interference with Federally Protected Activities; Title 18, U.S.C., Section 249 - Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act. Stalking (18 U.S. Code § 2261A). Racketeer Influenced and Corrupt Organizations (RICO) Act §§ 1961–1968: 18 U.S. Code Chapter 96. Murder 18 U.S. Code § 1111. Aggravated attempts to commit murder 18 U.S. Code § 1113. Obstruction of Justice 18 U.S. Code Chapter 73. 18 U.S. Code § 371 - Conspiracy to commit offense or to defraud United States. 25 CFR § 11.432 - Impersonating a public servant. Antiterrorism and Effective Death Penalty Act of 1996. Torture Victim Protection Act of 1991.

Extrajudicial punishments, torture (18 U.S.C. 2340A) Section 2340A of Title 18, United States Code, prohibits torture committed by public officials under color of law against persons within the public official's custody or control. Torture is defined to include acts specifically intended to inflict severe physical or mental pain or suffering.

28 U.S. Code § 566 - Powers and duties (e) (1)The United States Marshals Service is authorized to—(A)provide for the personal protection of Federal jurists, court officers, witnesses, and other threatened persons in the interests of justice where criminal intimidation impedes on the functioning of the judicial process or any other official proceeding; (C)issue administrative subpoenas in accordance with section 3486 of title 18, solely for the purpose of investigating unregistered sex offenders (as defined in such section 3486).

Proclamation 95 The Emancipation Proclamation.

Duty to rescue: A duty to rescue is a concept in tort law that arises in a number of cases, describing a circumstance in which a party can be held liable for failing to come to the rescue of another party who could face potential injury or death without being rescued. In common law systems, it is rarely formalized in statutes which would bring the penalty of law down upon those who fail to rescue. This does not necessarily obviate a moral duty to rescue: though law is binding and carries government-authorized sanctions and awarded civil penalties, there are also separate ethical arguments for a duty to rescue even where law does not punish failure to rescue. *People v. Beardsley* 150 Mich. 206, 113 N.W. 1128 (1907)[1] is a well-known case that illustrates the parameters around the legal necessity of a duty to act, and the criminal liability of failure to act when there is an obligation to provide reasonable assistance. In *Jones v. United States* 308 F.2d 307 (D.C. Cir. 1962),[2] the categories falling under this legal duty were set forth. They include duties based on statute, duties based on contract, duties based on the voluntary assuming of responsibility as for the care of a child, and duties based on legal relationships, such as between parent and child or husband and a wife.

To be unconstitutional, racial discrimination by the government must contain two elements: a discriminatory purpose and a discriminatory impact.

Exhibit A: Copy of Inspector General Letter, DOJ Civil Rights Division Letter, DOJ Ombudsman Letter, DOJ Correspondence

Exhibit B: Forensic Criminology, Cult, and Legal Research

La Matanza Texas, Hora de Sangre Texas, Jesus Bazan and Antonio Longoria, Porvenir massacre, and Canales investigation. *Forgotten Dead: Mob Violence against Mexicans in the United States 1848-1928* by William D. Carrigan and Clive Webb. *The Injustice Never Leaves You: Anti-Mexican Violence in Texas* by Monica Muñoz Martinez. *The Lynching of Mexicans in the Texas Borderlands* by Nicholas Villanueva Jr. *The Secret History of Anti-Mexican Violence in Texas* by Carlos Blanton TexasMonthly.Com. *They Lynched Mexican-Americans Too: A Question of Anglo Colorism* by Hispanic Journal of Behavioral Sciences and Ronald E. Hall. COINTELPRO victim Geronimo Pratt civil rights settlement case granting $4.5 million in 2000; The Frank Church Senate Committee Report that exposed COINTELPRO (e.g., Fred Hampton murder leading to $1.85 million civil lawsuit settlement). https://www.senate.gov/about/powers-procedures/investigations/church-committee.htm. The Pike Committee Report. *Joyce Horman, et al., v. Henry Kissinger, et. al.* 1977. *The Lynching of Persons of Mexican Origin or Descent in the United States*, 1848 to 1928 William D. Carrigan and Clive Webb Journal of Social History Vol. 37, No. 2 (Winter, 2003), pp. 411-438 (28 pages) Published By: Oxford University Press. *The dark history of "gasoline baths" at the border Toxic chemicals — and Nazis — are part of US border history* By Ranjani Chakraborty. *Dark History: 'Gasoline Baths' at the US-Mexico Border* By Danielle Ong: The toxic baths were continued for several years. Authorities used even more dangerous chemicals like the poisonous gas Zyklon B and the pesticide DDT. Migrants were also asked to take a literacy test and pay an $8 head tax to enter the borders. In 1918, border agents began turning away "imbeciles, physical defectives, and persons afflicted with loathsome diseases." More than 100,000 Mexicans were given gasoline baths at the border before health authorities deemed the practice dangerous and officially stopped the toxic baths in the 1960s. *The Making of a Lynching Culture: Violence and Vigilantism in Central Texas, 1836-1916* (University of Illinois Press, 2005). *The Untold History of Lynching in the American West In the aftermath of the Mexican-American War, people of Mexican ancestry were the target of intense racist violence* By: Matthew Wills. Salem Witch Trials 1692-1693, Sand Creek massacre, Wounded Knee, Trail of Tears, Greenwood Tulsa race massacre, Greensboro Massacre, Unite the Right rally in Charlottesville, and Waco Siege.

*Investigation and Review of the Federal Bureau of Investigation's Handling of Allegations of Sexual Abuse by Former USA Gymnastics Physician Lawrence Gerard Nassar* by Department of Justice Office of Inspector General. https://oig.justice.gov/sites/default/files/reports/21-093.pdf; *'FBI failed survivors': Massive systematic failures uncovered in DOJ's Larry Nassar report* by Tim Evans Indianapolis Star.

*Cults in Our Midst: The Continuing Fight Against Their Hidden Menace* by Margaret Thaler Singer. Steven Hassan's cult research BITE Model attached from https://freedomofmind.com/wp-content/uploads/2020/10/BITE-Model-of-Authoritarian-Control-Handout-Oct-2-2020.pdf. *The BITE Model of Authoritarian Control: Undue Influence, Thought Reform, Brainwashing, Mind Control, Trafficking and the Law* by Steven Hassan. *Combating Cult Mind Control: The Guide to Protection, Rescue and Recovery from Destructive Cults* by Steven Hassan. *The Psychology of Lust Murder: Paraphilia, Sexual Killing, and Serial Homicide* by Catherine Purcell, and Bruce A. Arrigo. *Without Conscience: The Disturbing World of the Psychopaths Among Us* by Robert D. Hare. *Forensic sexology: paraphilic serial rape (biastophilia) and lust murder (erotophonophilia)* by J Money. *Antisocial personality disorder, sexual sadism, malignant narcissism, and serial murder* by V J Geberth, R N Turco. *Living With the Paranoid Narcissist* by Joe Navarro. *My Life Among the Serial Killers: Inside the Minds of the World's Most Notorious Murderers* by Helen Morrison and Harold Goldberg.

*Concealing Evidence: 'Parallel Construction,' Federal Investigations, and the Constitution*. Virginia Journal of Law and Technology, Vol. 22, No. 1, 2018. 60 Pages Posted: 3 Feb 2019 Last revised: 23 Feb 2019. Natasha Babazadeh. Independent. Date Written: Fall 2018. *US: Secret Evidence Erodes Fair Trial Rights: Government Hides Investigative Methods from Accused* by Human Rights Watch. *Dark Side Secret Origins of Evidence in US Criminal Cases* by Human Rights Watch and Attorney Sarah St.Vincent. *Disrupt, Discredit, and Divide: How the New FBI Damages Democracy* by Former FBI Agent Mike German. *Crimes and Cover-ups in American Politics*: 1776-1963 by Donald Jeffries. *Predators, Pedophiles, Rapists, and Other Sex Offenders* by Dr. Anna C. Salter. *Hates Crimes in Cyberspace* by Attorney Danielle Keats Citron.

See *Sexual Homicide: Patterns and Motives* by John E. Douglas, Ann W. Burgess, Robert K. Ressler, *Anti-Social Behavior: Personality Disorders from Hostility to Homicide* by Dr. Benjamin Wolman. *The Rape of the Mind: The Psychology of Thought Control, Menticide, and Brainwashing* by Dr. Joost A.M. Meerloo. *Hateland: A Long, Hard Look at America's Extremist Heart and Right-Wing Resurgence: How a Domestic Terrorist Threat is Being Ignored* by former DHS Daryl Johnson. *Rightwing Extremism: Current Economic And Political Climate Fueling Resurgence In Radicalization And Recruitment*: https://fas.org/irp/eprint/rightwing.pdf; FBI report: *White Supremacist Infiltration of Law Enforcement* https://oversight.house.gov/sites/democrats.oversight.house.gov/files/White_Supremacist_Infiltration_of_Law_Enforcement.pdf; Hate Crimes and The Threat of Domestic Extremism Hearing Before The Subcommittee on The Constitution, Civil Rights, and Human Rights of the Committee on The Judiciary Unite States Senate One Hundred Twelfth Congress Second Session September 19, 2012.

Respectfully Submitted by Plaintiff:

Paul Eric Sanchez  9/1/2021

Paul Eric Sanchez
10500 Napa Valley Dr.
Frisco, TX 75035