IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PAUL ERIC SANCHEZ, § § **Plaintiff,** § § v. § § **UNITED STATES DEPARTMENT** § **OF JUSTICE** *et al.*, § § **Defendants.** § | Civil Action No. 4:21-cv-687-ALM-KPJ |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Paul Eric Sanchez's ("Plaintiff") Motion for Leave to Amend the Complaint (the "Motion") (Dkt. 54). Upon consideration, the Motion (Dkt. 54) is **GRANTED IN PART** and **DENIED IN PART**.

### I.  BACKGROUND

Plaintiff, proceeding *pro se*, initiated this civil action on September 1, 2021, by filing an Original Complaint. *See* Dkt. 1. Before summons was issued as to any defendant, Plaintiff amended his complaint three times: Plaintiff's First Amended Complaint was filed September 8, 2021, *see* Dkt. 6; Plaintiff's Second Amended Complaint was filed the following day on September 9, 2021, *see* Dkt. 7; Plaintiff's Third Amended Complaint was filed the following week on September 15, 2021, *see* Dkt. 8; and Plaintiff's Fourth Amended Complaint was filed September 27, 2021, *see* Dkt. 10. Plaintiff's Fourth Amended Complaint asserts claims against two city defendants—the City of Frisco and George Purefoy (together, the "City Defendants")—and thirteen federal defendants: United States Department of Justice ("DOJ"); United States Attorney General Merrick Garland; Former Acting United States Attorney for the Eastern District of Texas Nicholas J. Ganjei; Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Group Supervisor Robert Bryson; ATF Special Agent Timothy Graden; ATF Senior Special Agent

1

Jennifer McCarty; ATF Special Agent in Charge ("SAC") Jeffrey Boshek, II; Federal Bureau of Investigation ("FBI") Director Christopher Wray; FBI SAC Matthew DeSarno; FBI Agent Ashley Rosenberger; DOJ Inspector General Michael Horowitz; Assistant Attorney General Kirsten M. Clarke; and Executive Office for the United States Attorneys ("EOUSA") Victims' Rights Ombudsman Ellen Fitzgerald (collectively, the "Federal Defendants" and, together with the City Defendants, "Defendants"). *See* Dkt. 10. Plaintiff was granted leave to proceed *in forma pauperis*, *see* Dkt. 9, and service of process, as prepared by Plaintiff, was made by the United States Marshals Service. *See* Dkt. 9; *see also* Dkts. 26–38.

Plaintiff's Fourth Amended Complaint (Dkt. 10), which is difficult to comprehend, is the live complaint in this matter. In the Fourth Amended Complaint, Plaintiff mentions various federal statutes, some of which give rise to private rights of action for civil rights violations. *See generally* Dkt. 10. Plaintiff conclusively asserts throughout the complaint that Defendants violated his rights, conspired against him, discriminated against him, and caused him injury; however, Plaintiff does not provide a factual basis in support of these assertions. *See generally id.* Instead, Plaintiff's factual allegations, if any, largely describe events dating back to the early 1990s, wherein non-parties allegedly conspired to harm or actually did harm Plaintiff. *See id.* at 5–8 (section titled "Chain of Causation Background"). It is not clear from the Fourth Amended Complaint what connection, if any, Defendants have with the non-parties or their alleged offenses. *See generally id.*

The City Defendants moved to dismiss Plaintiff's Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12 on December 4, 2021, arguing that Plaintiff failed to plead sufficient factual allegations to state claims for relief against them under any of the federal statutes

2

identified in Plaintiff's Fourth Amended Complaint. *See generally* Dkt. 39. Plaintiff filed a response, *see* Dkt. 46, and the City Defendants filed a reply, *see* Dkt. 48.

The Federal Defendants moved to dismiss Plaintiff's Fourth Amended Complaint on January 11, 2022. *See* Dkt. 50. The Federal Defendants argue the Court lacks subject-matter jurisdiction over any tort claims asserted against them because the Federal Defendants are not proper parties to the action and, further, because Plaintiff failed to show he exhausted his remedies as to any cause of action arising from administrative claims. *See* Dkt. 50. The Federal Defendants also argue that, to the extent Plaintiff intends to assert *Bivens* claims against the Federal Defendants, any *Bivens* action must fail based on the alleged facts. *See id.* And finally, the Federal Defendants allege they have not been served in their individual capacities and, therefore, any claim against them individually is not properly before the Court. *See id.* Plaintiff filed a response, *see* Dkt. 52, and the Federal Defendants filed a reply, *see* Dkt. 53.

On February 10, 2022, Plaintiff filed the Motion, wherein Plaintiff requests to amend his complaint to clarify his claims with respect to each Defendant. *See* Dkt. 54. Plaintiff further requests to add the United States of America as a defendant and asks the Court to order "service of process by U.S. Marshals in both official and individual capacity." *See* Dkt. 54. The Federal Defendants filed a response in opposition to the Motion. *See* Dkt. 55. The City Defendants did not file a response.

## II.    ANALYSIS

A complaint must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In this case, for the reasons stated, the Court finds Plaintiff's Fourth Amended Complaint fails to state a claim for which relief may be granted.

### A. Failure to State a Claim

As an initial matter, Plaintiff's Fourth Amended Complaint does not state what claims Plaintiff intends to assert, let alone identify which claims are asserted against which Defendants. Plaintiff has sued the DOJ, the City of Frisco, and thirteen state and federal officials. *See* Dkt. 10. And while Plaintiff has cited numerous statutory and constitutional provisions, it is not clear to the Court what claims are being asserted, generally, and more specifically, what claims Plaintiff asserts against each Defendant. To survive dismissal, Plaintiff must articulate the claims asserted and identify which Defendants are liable for each asserted claim.

Additionally, it is not clear whether there is a factual basis to support Plaintiff's claims against each Defendant. Federal law requires the plaintiff to allege factual allegations to support every element of each claim asserted, which, taken as true, state plausible claims for relief against the defendant. *See Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 468 (W.D. Tex. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In this case, Plaintiff's Fourth Amended Complaint, though somewhat lengthy, contains scant factual allegations pertaining to Defendants, if any are pled at all. For example, Plaintiff asserts he suffered violations of numerous federal statutes, including "Civil Rights Acts, § 1985, § 1986, 28 U.S.C. § 1343, 18 U.S.C. 241/242, and Racketeer Influenced and Corrupt Organizations Act §§ 1961–1968: 18 U.S. Code Chapter 96 involving homicidal/human/sexual trafficking, cyber-stalking and Title 1 hate crimes," *see* Dkt. 10 at 3; however, Plaintiff does not allege any facts showing that Defendants violated his rights under those provisions.

Further, Plaintiff alleges violations of 42 U.S.C. § 1983 and *Bivens* violations. But Plaintiff has not pled sufficient facts to state Section 1983 or *Bivens* claims. For example, Plaintiff has not

alleged a violation of his constitutional rights, as required to state a claim under Section 1983. *See Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 241 (5th Cir. 2021) (per curiam) (quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)) ("[A] plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States" to state a claim under Section 1983.). Likewise, Plaintiff has not pled facts sufficient to extend liability under *Bivens* because Plaintiff has not pled facts showing his claims are of the type permitted in *Bivens* actions or, if not, whether it would be proper to extend *Bivens* in this case. *See Oliva v. Nivar*, 973 F.3d 438, 441–44 (5th Cir. 2020).

Plaintiff's allegations, in short, are not sufficient to state claims for relief against Defendants. But, as explained below, the Court finds Plaintiff should be provided an opportunity to amend his complaint to plead his best case. To avoid dismissal, Plaintiff's amended complaint, if any, must allege facts to support every element of every claim asserted and with respect to each Defendant. *See Kan*, 823 F. Supp. 2d at 468. Conclusory assertions that Defendants are liable to Plaintiff are not sufficient to withstand dismissal. *Iqbal*, 556 U.S. at 678.

### B. Subject-Matter Jurisdiction

Plaintiff's amended complaint, if any, must plead sufficient facts to establish the Court's jurisdiction to preside over this matter. Federal district courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate the claims brought before them. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party asserting that subject-matter jurisdiction exists—here, Plaintiff—has the burden of proving its requirements are met. *See Willoughby v. United States ex rel. United States Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (per curiam); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.

1998). A claim should be dismissed for lack of subject-matter jurisdiction "if it appears certain that the plaintiff cannot prove any set of facts in support of [the] claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

To survive dismissal, Plaintiff's amended complaint, if any, must allege facts showing the Court has jurisdiction to hear each claim asserted. *See Willoughby*, 730 F.3d at 479; FED. R. CIV. P. 8(a) (a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"); 28 U.S.C. § 1330 *et seq.* (jurisdictional statutes). This includes, if appropriate, allegations showing that Defendants are capable of being sued[1] and that all jurisdictional prerequisites to filing suit have been met.[2]

### C. Leave to Amend

Although this is Plaintiff's Fourth Amended Complaint, this is the Court's first opportunity to assess the sufficiency of Plaintiff's complaint. As such, the Court finds it appropriate to provide Plaintiff an opportunity to amend his complaint to plead his best case. *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)) (stating, generally, that a *pro se* plaintiff should be allowed to amend his complaint before it is dismissed). Therefore, Plaintiff's Motion for Leave to Amend the Complaint

---

[1] For example, federal courts have jurisdiction over claims brought under the Federal Tort Claims Act only if the alleged claims meet certain statutory requirements, all of which must be plausibly alleged for the Court to exert jurisdiction. *Brownback v. King*, 141 S. Ct. 740, 746, 749 (2021). One such requirement is that the suit be brought against the United States. *Id.*; *see* 28 U.S.C. § 1346(b)(1). Other requirements include that the claim be filed for: (a) money damages, (b) for injury or loss of property, or personal injury or death, (c) caused by the negligent or wrongful act or omission of any employee of the Government while acting in his office or employment, (d) under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Brownback*, 141 S. Ct. at 746; *see* 28 U.S.C. § 1346(b)(1).

[2] This includes, for example, any requirement that Plaintiff exhaust administrative remedies prior to filing suit.

is granted to the extent Plaintiff seeks leave to clarify his claims against Defendants and add the United States as a party to this lawsuit. The Court provides Plaintiff the following direction with respect to his amended complaint:

- Plaintiff's amended complaint, if any, shall comply with the pleading requirements of the Federal Rules of Civil Procedure. Specifically, Plaintiff shall specify the claims asserted against each Defendant and, further, shall allege sufficient facts to: (a) establish the Court's subject-matter jurisdiction over each claim asserted; and (b) support every element of every claim asserted.

- Plaintiff's amended complaint, if any, shall comply with the pleading requirements of the Eastern District of Texas. Specifically, if appropriate, Plaintiff shall comply with Local Rule CV-3, which provides, "Absent leave of court, complaints and the initial responsive pleadings thereto filed in civil rights proceedings shall not exceed thirty pages, excluding attachments." *See* LOCAL R. CV-3(d).

- Plaintiff's amended complaint, if any, shall be formatted in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. Specifically, Plaintiff's amended complaint, if any, shall be written using numbered paragraphs, "each limited as far as practicable to a single set of circumstances," *see* FED. R. CIV. P. 10, and shall be double spaced and in a font no smaller than 12-point type, *see* LOCAL R. CV-10(a).

Plaintiff's Motion for Leave to Amend the Complaint is denied without prejudice as to Plaintiff's request that the United States Marshal Service serve Defendants in their individual capacities. *See* Dkt. 54. At this time, the Court finds such a request to be premature given the possibility that Plaintiff will file an amended complaint.

### III.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint (Dkt. 54) is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may file an amended complaint, if any, within fourteen (14) days after the date of this Order and must comply with the directions set forth in Section II.C above. Any failure to timely file an amended complaint may result in the dismissal of Plaintiff's claims for lack of jurisdiction and/or failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b) or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that the Clerk's Office shall serve this Order upon Plaintiff by certified mail, return receipt requested, and by email at psanchez3000@yahoo.com.

**So ORDERED and SIGNED this 23rd day of August, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE