IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PAUL ERIC SANCHEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:21-cv-687-ALM-KPJ |
| UNITED STATES DEPARTMENT § | |
| OF JUSTICE *et al.*, § | |
| § | |
| Defendants. § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are the "Defendants City of Frisco and George Purefoy's Motion to Strike Fifth Amended Complaint, Alternatively, Abate Until Screening Has Occurred, or Further Alternatively, Extend Answer Date" (the "City Defendants' Motion") (Dkt. 59) and "Federal Defendants' Motion to Strike" (the "Federal Defendants' Motion", together with the City Defendants' Motion, the "Motions") (Dkt. 60). Upon consideration, the Court recommends Plaintiff Paul Eric Sanchez's ("Plaintiff") claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915. The Court further finds the Motions (Dkts. 59, 60) are hereby **GRANTED** to the extent they request the Court screen Plaintiff's claims pursuant to 28 U.S.C. § 1915 and **DENIED AS MOOT** to any other requested relief.

I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this civil action on September 1, 2021, by filing an Original Complaint. *See* Dkt. 1. Before summons was issued as to any defendant, Plaintiff amended his complaint three times: Plaintiff's First Amended Complaint was filed September 8, 2021, *see* Dkt. 6; Plaintiff's Second Amended Complaint was filed the following day on September 9, 2021, *see* Dkt. 7; Plaintiff's Third Amended Complaint was filed

1

the following week on September 15, 2021, *see* Dkt. 8; and Plaintiff's Fourth Amended Complaint was filed September 27, 2021, *see* Dkt. 10. Plaintiff's Fourth Amended Complaint asserted claims against two city defendants—the City of Frisco and Frisco City Manager George Purefoy (together, "City Defendants")—and thirteen federal defendants: United States Department of Justice ("DOJ"); United States Attorney General Merrick Garland; Former Acting United States Attorney for the Eastern District of Texas Nicholas J. Ganjei; Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Group Supervisor Robert Bryson; ATF Special Agent Timothy Graden; ATF Senior Special Agent Jennifer McCarty ("ATF Agent Jennifer McCarty"); ATF Special Agent in Charge ("SAC") Jeffrey Boshek, II; Federal Bureau of Investigation ("FBI") Director Christopher Wray; FBI SAC Matthew DeSarno; FBI Agent Ashley Rosenberger; DOJ Inspector General Michael Horowitz; Assistant Attorney General Kristen Clarke; and Executive Office for the United States Attorneys ("EOUSA") Victims' Rights Ombudsman Ellen Fitzgerald (together, "Federal Defendants"). *See* Dkt. 10. On September 21, 2021, Plaintiff was granted leave to proceed *in forma pauperis* and service of process, as prepared by Plaintiff, was made by the United States Marshals Service. *See* Dkt. 9; *see also* Dkts. 26–38.

City Defendants filed their motion to dismiss (the "City Defendants' Motion to Dismiss") (Dkt. 39) on December 4, 2021, and Federal Defendants filed their motion to dismiss (the "Federal Defendants' Motion to Dismiss") (Dkt. 50) on January 11, 2022. On February 10, 2022, Plaintiff filed the "Motion for Leave to Amend the Complaint" (the "Motion to Amend") (Dkt. 54), wherein Plaintiff requested "leave to file a proposed Fifth Amended Complaint containing [the] exact same content as [the] Fourth Amended Complaint with the changes only in adding the United States of America as a defendant . . . ." *Id.* at 1. On February 23, 2022, Federal Defendants filed a response (Dkt. 55) opposing the Motion to Amend (Dkt. 54), asserting that Plaintiff adding the United States

2

as a defendant only possibly addressed two of the nine arguments raised in the Federal Defendants' Motion to Dismiss (Dkt. 50). *See* Dkt. 55 at 3. On August 23, 2022, the Court granted in part and denied in part the Motion to Amend (Dkt. 54). *See* Dkt. 56. The Court found under 28 U.S.C. § 1915 that Plaintiff had failed to state a claim. *See id.* at 3–5. The Court explained that this was the Court's first opportunity to assess the sufficiency of Plaintiff's pleadings and, thus, it was appropriate to provide Plaintiff another opportunity to amend his complaint to plead his best case. *See id.* at 6. Plaintiff was ordered to file an amended complaint, if any, within fourteen days of the Court's Memorandum Opinion and Order (Dkt. 56), and to comply with the following directions:

- Plaintiff's amended complaint, if any, shall comply with the pleading requirements of the Federal Rules of Civil Procedure. Specifically, Plaintiff shall specify the claims asserted against each Defendant and, further, shall allege sufficient facts to: (a) establish the Court's subject-matter jurisdiction over each claim asserted; and (b) support every element of every claim asserted.

- Plaintiff's amended complaint, if any, shall comply with the pleading requirements of the Eastern District of Texas. Specifically, if appropriate, Plaintiff shall comply with Local Rule CV-3, which provides, "Absent leave of court, complaints and the initial responsive pleadings thereto filed in civil rights proceedings shall not exceed thirty pages, excluding attachments." *See* LOCAL RULE CV-3(d).

- Plaintiff's amended complaint, if any, shall be formatted in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. Specifically, Plaintiff's amended complaint, if any, shall be written using numbered paragraphs, "each limited as far as practicable to a single set of circumstances," *see* FED. R. CIV. P. 10, and shall be double spaced and in a font no smaller than 12-point type, *see* LOCAL RULE CV-10(a).

*Id.* at 7.

On August 29, 2022, Plaintiff filed the Fifth Amended Complaint (Dkt. 57), alleging claims against City Defendants, Federal Defendants, and the United States (together, "Defendants"). *See id.* Plaintiff asserts the Court has jurisdiction over this matter under 28 U.S.C. Section 1343, 18 U.S.C. Sections 1961–1968, 28 U.S.C. Section 1331, 28 U.S.C. Section 2674, 28 U.S.C. Section 1346, 28 U.S.C. Section 1361, 28 U.S.C. 1651, *Bivens v. Six Unknown Named Agents*, 403 U.S.

3

388 (1971), and *Carlson v. Green*, 446 U.S. 14 (1980). Plaintiff alleges City Defendants, Federal Defendants, the United States, and "the music industry" have defamed Plaintiff by making false statements that Plaintiff is a "heinous criminal who needs to be stalked, imprisoned, and killed," which have been "circulated on the dark web (all defendants to shut it down because they are the instigators controlling it)." Dkt. 57 at 3. Plaintiff alleges "[u]nconstitutional mandates" have been instituted that "require the crime syndicate to maintain and perpetuate victim's enslavement" including, *inter alia*, "the recruitment of all specified defendants listed in this complaint, their confidential informants, and include directions for themselves, and psychopathic crime lords in various industries, gang members, cult members, white supremacists, Nazis, extremists, terrorists, Satanists, pedophiles, serial killers, cannibals . . . ." *Id.* at 4. Plaintiff alleges he "believes he was born into slavery in a far-right extremist sleeper cell cult" and has been subject to a criminal conspiracy since his birth. *Id.* at 4–5. Plaintiff asserts he "suffers from intermittent amnesia, [and] rather than being rescued and permitted [the] opportunity for liberty and justice that white people enjoy," that he has been "put on a systematic conspiratorial COINTELPRO blacklist, watchlist, and kill list by Frisco City Manager George Purefoy and ATF Agent Jennifer McCarty when he was a child attending Frisco ISD as a student." *Id.* at 5.

Plaintiff alleges ATF Agent Jennifer McCarty and Frisco City Manager George Purefoy "concurrently and secretly built a case to frame the victim for years when he was still a child" and "recruited his classmates, teachers, administrators, co-workers, and family in the conspiracy" leading him to be allegedly subject to a malicious prosecution in 2001 following his high school graduation ceremony. *Id.* at 6. Plaintiff alleges this prosecution occurred in the U.S. District Court, Eastern District of Texas Sherman Courthouse in approximately 2001 to 2002. *See id.* Plaintiff alleges he has been subject to hate crimes due to his "actual or perceived Latino Hispanic

4

race/national origin, brown color, Christian religion, and male gender." *Id.* at 9. Plaintiff further alleges he has been subject to hate crimes due to his "actual or perceived Latino Hispanic race/national origin, brown color, Christian religion, and male gender." *Id.*

Plaintiff lists a number of people allegedly involved in a conspiracy against Plaintiff, including his high school teachers, his former classmates, classmates' spouses, these classmates' parents, instructors at the University of North Texas, sales consultants, attorneys, church groups, psychiatric patients, co-workers, supervisors, human resources employees, customers, a bartender, and a number of others. *See id.* at 16–20. Plaintiff asserts under the section titled "ARGUMENT" that "[i]naction by federal, state, and local law enforcement repeatedly put victim's life at risk for attempted murder by gasoline dousing and arson, narcotics and other forms of poisonings, gun violence, suffocation, assault, stabbings, violent sexual abuse, stalking, other killing methods, and ongoing racial and sexual profiling." *Id.* at 23. Plaintiff specifically asserts this conspiracy attempted to murder Plaintiff in a plane crash, in a laboratory gas leak, and through home invasions involving the poisoning of his food over time. *See id.* at 22–23.

Plaintiff appears to allege, though unclear, claims for defamation, emotional distress, invasion of privacy, and cause of actions under Section 1983 and *Bivens* for violations of the First Amendment, Fourth Amendment, Eighth Amendment, Thirteenth Amendment, and Fourteenth Amendment. *See id.* at 3–16. Plaintiff requests $160 million in damages and a writ of mandamus directing the United States Department of Justice and other federal agencies to "immediately enforce [the] Crime Victim's Rights and Civil Rights Acts", for injunctions against state officials, and injunctions against federal agency employees to "cease and desist from ongoing customs and patterns of practice involving interference with the victim's federal protected activities . . . ." *Id.* at 13, 25–28. Plaintiff asserts he has exhausted his remedies under the Federal Tort Claims Act

5

("FTCA") by filing an administrative claim Standard Form 95 on February 16, 2022. *See id.* at 9. Finally, Plaintiff appears to object to the Court's previous Memorandum Opinion and Order (Dkt. 56) because "[f]rom the viewpoint of [] Plaintiff [,] [the] formatting rules and other restrictive limitations intended to dismiss complaint [sic] are an undue burden to the totality of circumstances, justice, and are irrelevant considering the heinous atrocities and the effects it has on the mind of the victim . . . ." Dkt. 57 at 10.

In support of the Fifth Amended Complaint (Dkt. 59), Plaintiff includes the following attachments: an email from the U.S. Department of Justice Office of Inspector General dated February 13, 2020, *see* Dkt. 57-1 at 1; an email exchange between Plaintiff and Robert Bryson dated between January 24, 2020 and August 18, 2020, *see id.* at 2–3; an email from Ellen M. FitzGerald, Victims' Rights Ombudsman, to Plaintiff dated March 18, 2021, *see id.* at 4; letter from Kristen Clark, Assistant Attorney General, to U.S. House of Representative Van Taylor dated July 26, 2021, *see id.* at 5; photographs of Plaintiff's bruises and scratches,[1] *see id.* at 6; an article from the Freedom of Mind Resource Center titled "Undoing Undue Influence and the BITE Model of Authoritarian Control", *see* Dkt. 57-2 at 1–3.

On August 30, 2022, the Court denied City Defendants' Motion to Dismiss (Dkt. 39) and Federal Defendants' Motion to Dismiss (Dkt. 50) as moot and explained that the Fifth Amended Complaint (Dkt. 57) was the live pleading in this matter. *See* Dkt. 58. On September 9, 2022, City Defendants filed the City Defendants' Motion (Dkt. 59). In the City Defendants' Motion (Dkt. 59), City Defendants assert the Fifth Amended Complaint (Dkt. 57) does not comply with the Court's Memorandum Opinion and Order (Dkt. 56) and does not state any non-frivolous claim. *See* Dkt. 59 at 3, 5–6. City Defendants request the Court either strike Plaintiff's Fifth Amended Complaint

---

[1] Plaintiff appears to allege these photos are of "bruises of coerced labor trafficking/attempt to commit murder [sic] [by] complicit psychopathic father in 2020." Dkt. 57 at 8.

(Dkt. 57) or, in the alternative, conduct screening under 28 U.S.C. § 1915 to determine whether it presents non-frivolous plausible claims. *See* Dkt. 59 at 5. On September 12, 2022, Federal Defendants filed the Federal Defendants' Motion (Dkt. 60), wherein Federal Defendants argue the Court should strike the Fifth Amended Complaint (Dkt. 57), as it does not comply with the ordered requirements for filing an amended pleading and the pleading should be screened and dismissed. *See generally* Dkt. 60. In the alternative, Federal Defendants request the Court screen Plaintiff's Fifth Amended Complaint (Dkt. 57) pursuant to 28 U.S.C. § 1915. *See* Dkt. 60 at 7–8.

On September 14, 2022, Plaintiff filed a response (Dkt. 61) to the City Defendants' Motion (Dkt. 59), asserting the Fifth Amended Complaint is "meritorious", "the complaint is not unfair and does not prejudice" Defendants, and does not need further screening under Section 1915, as it is not frivolous or malicious and does not fail to state a claim. Dkt. 61 at 1. On September 15, 2022, City Defendants filed a reply (Dkt. 62), asserting Plaintiff's "rambling list merely asserts that the suit should continue" and "Plaintiff provides roughly a page worth of single spaced string citations with no explanation as to their relevance, if even at all." *Id.* at 1. On September 16, 2022, Plaintiff filed a response (Dkt. 63) to the Federal Defendants' Motion (Dkt. 59), asserting the Fifth Amended Complaint is not frivolous or malicious, complies with the ordered amended pleading requirements, is not unfair and does not prejudice Defendants, does not need further screening under Section 1915, and added the United States as a Defendant. *See* Dkt. 63 at 1.

## II.   LEGAL STANDARD

When a plaintiff is proceeding *in forma pauperis*, courts must dismiss the case if, at any time, it is determined the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (per curiam) ("The district court may dismiss an *in forma pauperis* proceeding 'before service of

process or before the filing of the answer' as long as certain safeguards are met." (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990))); *Stewart v. Louisiana*, No. 1:16-CV-1285, 2017 WL 663486, at *1 (W.D. La. Jan. 13, 2017), *R. & R. adopted*, 2017 WL 663208 (W.D. La. Feb. 15, 2017) ("Because he is proceeding *in forma pauperis*, [the plaintiff's] complaint is subject to screening under § 1915(e)(2)(b), which provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief."). In reviewing a plaintiff's complaint under Section 1915, courts apply the same standard that is applied to motions filed under Federal Rule of Civil Procedure 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016) (citing *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)).

A claim is sufficiently pleaded if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III.     ANALYSIS

42 U.S.C. Section 1983 provides a cause of action against persons who, under color of state law, deprive a plaintiff "of any rights, privileges, or immunities secured by the Constitution." *Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020) (quoting 42 U.S.C. § 1983). To state a claim under Section 1983, "a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Martinez v. City of North Richland Hills*, 846 F. App'x 238, 241 (5th Cir. 2021) (per curiam) (quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)). In a Section 1983 suit, "'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Floyd v. City of Kenner*, 351 F. App'x 890, 897 (5th Cir. 2009) (per curiam) (quoting *Iqbal*, 556 U.S. at 662). A *Bivens* action is the counterpart of a suit brought under Section 1983 for those acting under color of federal law. *See Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993). Furthermore, a complaint must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

For the reasons that follow, the Court finds Plaintiff has failed to state a claim against all Defendants and should not be given leave to amend.

**A.  Failure to State a Claim**

As this Court has previously explained to Plaintiff in this lawsuit, federal law requires the plaintiff to allege factual allegations to support every element of each claim asserted, which, taken as true, state plausible claims for relief against the defendant. *See* Dkt. 56 at 4 (citing *Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 468 (W.D. Tex. 2011)). While Plaintiff asserts he

suffered violations of numerous federal statutes, Plaintiff does not allege any fact showing that Defendants violated his rights under any federal statute. Rather, Plaintiff makes a conclusory assertion of a wide-ranging conspiracy allegedly involving a number of individuals that have been allegedly injuring Plaintiff since birth. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff's lack of allegations as to nearly all named Defendants and assertions of a wide-ranging conspiracy, as well as an alleged failure to stop that conspiracy, are not sufficient to state a claim.

Furthermore, Plaintiff's claims are fantastical. A claim is factually frivolous if the alleged facts are "'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)). "Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915." *Stevenson v. Fed. Gov't*, No. CV 20-114, 2021 WL 298829, at *1 (M.D. La. Jan. 19, 2021), *R. & R. adopted*, 2021 WL 292442 (M.D. La. Jan. 28, 2021) (citing *Hernandez*, 504 U.S. at 33). Under Section 1915, the Court "is not bound to accept without question the truth of a *pro se* plaintiff's allegations." *Jackson v. Mueller*, No. 3:12-CV-0543, 2012 WL 2098612, at *2 (N.D. Tex. Feb. 27, 2012) (citing *Hernandez*, 504 U.S. at 32–33). "The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness." *Id.* (citing *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)).

In the present case, Plaintiff asserts that two of the named Defendants, ATF Agent Jennfier McCarty and Frisco City Manager George Purefoy, have instigated a conspiracy involving a myriad of individuals in Plaintiff's schools, work, and public life. For example, this alleged conspiracy includes being placed on a kill list when Plaintiff was a child at Frisco Independent

School District as part of the "COINTELPRO" program and, as a result, there have been attempts on his life including a plane crash and poisonings. Plaintiff's factual allegations lack an arguable basis in fact because they are based on a fantastical or delusional scenario. *See Simmons v. Payne*, 170 F. App'x 906, 907 (5th Cir. 2006) (per curiam) ("The district court found that [the plaintiff's] assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional." (citing *Neitzke*, 490 U.S. at 327)); *Deng v. Fed. Bureau of Investigation Agencies*, No. 2:20-CV-154, 2021 WL 742297, at *2 (N.D. Tex. Jan. 26, 2021), *R. & R. adopted*, 2021 WL 735207 (N.D. Tex. Feb. 25, 2021), *aff'd*, 850 F. App'x 323 (5th Cir. 2021) ("Here, [the plaintiff's] claims that the FBI has targeted him before his birth to frame him, steal his thoughts, record his voice, implant a microchip in his knee, or otherwise stalk him are clearly delusional."); *Jackson*, 2012 WL 2098612, at *2 (finding the plaintiff's claims did not have an arguable basis in fact when the plaintiff claims "involved stolen male sex hormones, drugs being fed to prison inmates that are being converted into electro-magnetic form and infecting nearby citizens, and the resulting weapon of mass destruction emitting from jails and prisons").

Accordingly, the Court recommends dismissing Plaintiff's claims as factually frivolous because Plaintiff's claims are fantastic and delusional.

### B. Leave to Amend

Ordinarily, a *pro se* plaintiff should be allowed to amend his complaint before claims are dismissed with prejudice. *Brewster* 587 F.3d at 767–68 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). "[A]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after

11

that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller v. Physicians Res. Grp. Inc.* 342 F.3d 563, 567 (5th Cir. 2003) (citation and internal quotation marks omitted). The Court may deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021) (collecting cases). Furthermore, "'[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court.'" *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

In this case, the Court recommends Plaintiff not be given an opportunity to amend his complaint. Plaintiff has already amended his complaint four times and his pleadings provide no indication that he could plausibly allege sufficient facts to support a claim. Moreover, after conducting its review of Plaintiff's Fourth Amended Complaint (Dkt. 10) and in considering the Motion to Amend (Dkt. 54), the Court granted in part the Motion to Amend and explained that Plaintiff's amended complaint must comply with the pleading requirements set forth in the Federal Rules of Civil Procedure, including that sufficient facts be asserted to support every element of every claim asserted. *See* Dkt. 56 at 7. Regardless of the Court's specific instructions and guidance, Plaintiff again fails to plausibly plead a claim, and his allegations are frivolous. *See Neitzke*, 490 U.S. at 325 ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). Ultimately, Plaintiff's conclusory allegations appear to assert a number of unrelated persons have been surveilling and injuring Plaintiff since birth as part of a far-reaching conspiracy. Accordingly, the Court finds it would be futile to grant leave to amend in this case.

## IV.     RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## V.     ORDER

**IT IS ORDERED** that the Motions (Dkts. 59, 60) are hereby **GRANTED** to the extent they request the Court screen Plaintiff's claims pursuant to 28 U.S.C. § 1915 and **DENIED AS MOOT** to any other requested relief.

**IT IS FURTHER ORDERED** that the Clerk's Office shall serve this Order and Report and Recommendation upon Plaintiff by certified mail return receipt requested and by email at Plaintiff's email address, psanchez3000@yahoo.com.

**So ORDERED and SIGNED this 28th day of April, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE